IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAKEISHA MULLINS,
      Plaintiff,

v.                                     Case No. 3:07cv325/WS/EMT

ENCORE SENIOR LIVING II, LLC,
      Defendant.
_____/

## ORDER CONCERNING DISCOVERY DISPUTES

A discovery dispute has been referred to the undersigned United States Magistrate Judge in the above-styled case.  In the court's experience, the great majority of discovery disputes arise out of (1) a failure to grasp, or a rejection of, the law, including procedural rules, or the facts, (2) lack of professionalism, (3) lack of civility, (4) refusal to extend common courtesy to a fellow professional (and therefore to the court), (5) bad faith on the part of one or both parties, or (6) a combination of the above.  Indeed, it is **very rare** for this court to see a truly justiciable discovery issue requiring thoughtful consideration and resolution by the court.  As the instant discovery dispute appears to be one of the great majority, counsel will be required to follow the procedure set forth below in an attempt to resolve the dispute.  In short, counsel is advised that before bringing a discovery dispute to the court, they must exhaust every possibility of resolution, and they may incur significant financial consequences if they do not prevail in their position.

Accordingly, the parties are **ORDERED** to proceed as follows:

1.      In an order issued the same date as this order, the non-moving party (i.e., Plaintiff) has been directed to respond to a discovery motion by a date certain (hereinafter referred to as the response date).  However, prior to the response date, the parties (i.e., lead counsel or attorneys with full authority to make decisions) shall be required to personally meet or to confer telephonically (i.e., no faxes, e-mails, or voice-mail messages back and forth) in a good-faith effort to resolve the

dispute.[1]  <u>The parties are strongly urged to resolve this matter without further intervention of the</u>

---

[1]Initially, the court notes that Plaintiff has made a host of "general objections" to Defendant's discovery requests (*see* Doc. 14, Ex. B at 1–2, 4–5).  Plaintiff's general objections are not proper under the Local Rules.  *See* N.D. Fla. Loc. R. 26.2(C)(1) ("Objections and grounds for objections shall be addressed to the specific [discovery request] and <u>may not be made generally</u>" (emphasis supplied)).  Next, Plaintiff has apparently failed to respond to some of Defendant's discovery requests entirely (*see, e.g.*, Doc. 14 at 3, 7, 8–11, 12–14).  As a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived.  *See* <u>In re United States</u>, 864 F.2d 1153, 1156 (5th Cir. 1989).  This is so even though a party had an objection to make.  *See* <u>Jaffe v. Grant</u>, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986) (Fifth Amendment objection to discovery request deemed waived because not timely made); <u>Peat, Marwick, Mitchell & Co. v. West</u>, 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product). Examples of Plaintiff's objections include the following:

> [With respect to interrogatories] 2–6, 8–10, 21. Objection is made to these interrogatories on the grounds that they are overly broad and thus request information which may be protected by the attorney/client and/or work product privileges . . . [s]ubject to and without waiving these objections, Plaintiff will provide all non-privileged information responsive to these interrogatories which he can recall and is aware of at this time . . . .  (Doc. 14, Ex. B. at 2).

> [With respect to interrogatories] 12, 22[, 19]. Objection is made to these interrogatories as they are overly broad and thus seek information which is not relevant nor likely to lead to the discovery of relevant evidence.  (*see id.*, Ex. B at 2, 3).

> [With respect to requests for production (RFP)] 2, 5–6, 12, 18–24. Objection is made to these requests as they are vague, ambiguous and overly broad . . . [and] seek documents which may be protected by the attorney/client and/or work product privileges . . . Further, with respect to request 12, this request is overly broad and thus seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of relevant evidence.  Subject to and without waiving these objections, and to the extent that Plaintiff understands what is being requested herein, non-privileged documents responsive to these requests, to the extent they exist, are in Plaintiff's possession, and are not otherwise objected to, will be produced . . . .  (*id.*, Ex. B at 5–6).

These objections appear to be thoughtless boilerplate objections.  *See, e.g.*, <u>Williams v. Taser Intern., Inc.</u>, No. 1:06-CV-0051-RWS, 2007 WL 1630875, at *3 (N.D. Ga. June 4, 2007) ("merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery" (internal quotations and citations omitted)); <u>Peat, Marwick, Mitchell & Co.</u>, 748 F.2d at 542 (explaining that "the party interposing an objection has the burden of establishing its claim of privilege or protection; a baldfaced assertion is insufficient" and "failure to bring forward facts sufficient to establish [the] purported claims of privilege and protection renders [the] objections substantiavely inadequate" resulting in waiver of any objection ).  Magistrate Judge Miles Davis recently published an article in *The Summation*, a publication of the Escambia/Santa Rosa Bar Association, forewarning lawyers practicing in this district that such boilerplate-type objections are not looked upon favorably.  *See* Miles Davis, <u>One Judge's Approach to the Problem of Discovery Abuse in Civil Cases</u>, *The Summation*, at pp. 7, 13 (October 2007) (explaining that Judge Davis uses an order he refers to as "draconian, with demanding deadlines and the requirement that lawyers actually take time out of their busy practices to meet face to face, rather than by e-mail filtered through their intermediaries, and to look seriously at their discovery practice . . . [because] the process works . . . [and] [t]he results have been almost miraculous"); *see also* http://www.flnd.uscourts.gov/attorneys/publication_order_davis.pdf (sample of Judge Davis' discovery advisory order).  Moreover, to the extent that material was produced "subject to" or "without waiving" an objection, Plaintiff should not expect the objection to be sustained by this court.  *See, e.g.*, <u>Hendrix v. Evenflo Co., Inc.</u>, No. 3:07cv133/MCR/EMT, slip op. at 1 n.1 (N.D. Fla. July 20, 2007) (Timothy, J.) ("if an objection to a discovery request is raised, and then the question is answered 'subject to' or 'without waiving' the objection, do not

court.

2.      If the parties are able to <u>completely resolve</u> the issues raised in the discovery motion, on or before the response date the moving party shall file a notice with the court indicating that the matter has been resolved.  If the matter is fully resolved, the court may or may not ask for briefs on the appropriateness of sanctions.  If the parties are unable to completely resolve the dispute, the non-moving party shall file a response as directed by this court's separate order.  The response shall indicate which issues, if any, were resolved during the intervening attorney conference.  Any issue that remains in dispute will be decided by the court.

3.      If the court is required to resolve any part of the discovery matter, the prevailing party, who will be determined by the court, will be awarded costs and expenses, including, but not limited to:  (1) the time required to personally confer with opposing counsel, (2) the time required to file its discovery motion or response, and, if necessary, prepare for, travel to, and attend any hearing on the motion, and (3) the actual costs incurred for court reporting, travel, sustenance and/or accommodations for a hearing on the motion (if applicable).  The costs will be paid by the non-prevailing attorney and not charged to the client unless counsel provides written proof that the client insisted on proceeding in the discovery matter against counsel's advice.

So **ORDERED** this <u>16</u><sup>th</sup> day of November 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

expect the court to sustain the objection down the road").  Thus, Plaintiff would be well advised to solve this matter by agreement with Defendant because it appears that most of the objections she raised are either waived, insufficient, or inadequate.

Case No. 3:07cv325/WS/EMT